IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 39624

BRADLEY K. MORGAN,

    Plaintiff-Appellant,

v.

NEW SWEDEN IRRIGATION DISTRICT,

    Defendant-Respondent.

Boise, December 2013 Term

2014 Opinion No. 25

Filed: March 13, 2014

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge

District court's grant of partial summary judgment and trial judgment on easement, affirmed.

M. Brent Morgan, Chtd., Pocatello, for appellant. M. Brent Morgan argued.

Hall Angell Starnes, LLP, Idaho Falls, for respondent. Blake G. Hall argued.

---

BURDICK, Chief Justice

This case arose after New Sweden Irrigation District ("New Sweden") mowed the canal banks on Bradley Morgan's property. Morgan claimed New Sweden negligently damaged his property. New Sweden counterclaimed for a declaratory judgment as to its easement's existence and scope, and then moved for summary judgment. The Bonneville County district court granted partial summary judgment, holding that New Sweden's easement was sixteen feet wide and New Sweden was not liable for damaged items within its easement. The district court denied summary judgment as to Morgan's claim for damaged items outside the easement. At trial, the court held that Morgan failed to establish that New Sweden caused damage outside its easement. Morgan appeals the district court's grant of partial summary judgment and the court's trial judgment in favor of New Sweden. We remand to the district court for the court to enter a judgment that describes the precise location where the easement's sixteen-foot width measurement begins. We otherwise affirm the district court.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2009, New Sweden mowed the canal banks along Morgan's property in Bonneville County. New Sweden is an irrigation district in Bonneville County that supplies irrigation water through canals. Because New Sweden owns the canal, it also holds an easement along the canal's banks. New Sweden owns two commercial mowers that it has used since 1995 to maintain its 125 miles of canals. These mowers each use a tractor with a hydraulic arm mower that is raised and lowered electronically.

Morgan's property has several structures within sixteen feet of the canal bank. Morgan also has a tree that has grown eight feet from the canal for over thirty-five years. Several Russian Olive trees and wild roses grew along the canal banks. Before June 25, 2009, New Sweden had never asked Morgan to remove the structures or the plants. However, New Sweden and Morgan did once jointly remove Russian Olive trees. Morgan also has a well and a barn about twenty feet from the canal. Morgan installed these items without New Sweden's permission.

On June 25, 2009, Morgan left his property to go to work. That same morning Kail Sheppard, New Sweden's manager, told his employee, Kent Ockerman, to mow Morgan's property. Ockerman had mowed for New Sweden for about ten years and was trained on the mowers. Sheppard instructed his employees to remain within the easement when possible and to be "way more careful" when traveling outside the easement. Ockerman entered Morgan's property along the south side of Morgan's barn due to obstructions near the canal. Once on the property, Ockerman drove to the canal's edge and backed up behind Morgan's barn. While turning around, he saw a pile of pipes under the barn's stairway and intentionally avoided the pipes and stairway. Ockerman then left the easement to get around a tree, which he accomplished by turning off the mower blades and raising the mower. Ockerman stated that he knew he did not hit or damage any structure because the mower makes a noise and vibrates when it strikes a solid object.

While at work, Morgan was informed that New Sweden had mowed his property. Morgan met Ockerman and Sheppard on his property to discuss his concerns. That discussion became heated, and Sheppard called the Bonneville County Sheriff's Office. Morgan testified at trial that the next day he found damage to the stairway and discovered the well had lost water pressure. Morgan met with New Sweden's Board of Directors a month later, but never

2

mentioned damage to the well or stairway. Morgan also submitted a Claim for Damage form to New Sweden that only stated that New Sweden had damaged landscaping and sprinklers.

Morgan filed a complaint on October 20, 2010, alleging New Sweden was negligent when it mowed his property. He sought to recover damages to plants, sprinklers, outbuildings, and a well. He never mentioned a stairway. New Sweden timely filed its answer. On July 12, 2011, New Sweden filed a counterclaim for (1) declaratory judgment that it held an easement; (2) declaratory judgment regarding the easement's scope; (3) removal of all physical encroachments on the easement; and (4) an injunction preventing Morgan from restricting New Sweden's access to the easement.

New Sweden then filed a summary judgment motion with supporting affidavits from Ockerman and Sheppard. New Sweden asked the district court to dismiss Morgan's complaint and grant New Sweden's counterclaim. Morgan opposed summary judgment with his affidavit and a neighbor's affidavit. These affidavits stated that New Sweden had never used its mower on Morgan's property before, Morgan had always maintained his property himself, and his neighbor had also maintained the canal banks. Morgan's photos also showed that while his lawn was neatly maintained, other property owners in the area did not maintain their canal banks. The district court partially granted New Sweden's summary judgment motion. Specifically, the court: (1) granted New Sweden's counterclaim for declaratory relief; (2) dismissed Morgan's claim for damage to items within the sixteen-foot easement; (3) denied dismissal of Morgan's claim for damage to items outside the easement; and (4) denied Morgan's motion to add a claim for declaratory relief. The district court also held that New Sweden's easement was sixteen feet wide, vegetation removal within the easement was reasonable, Morgan must remove structures that unreasonably encroached on the easement, and New Sweden was not liable for damaged items within the easement.

Morgan filed a motion to reconsider and a supporting affidavit. The district court denied this motion, holding that Morgan had not presented the court with any new law or argument. The court held that outbuildings, sprinklers, and a garden unreasonably interfered with New Sweden's ability to occupy the canal banks with its equipment.

Morgan's remaining claim on whether New Sweden negligently damaged his property outside the easement went to trial. Morgan claimed New Sweden damaged the barn's stairway, which he knew because the day before New Sweden mowed the stairway was undamaged, but

the day after it was damaged. Morgan also claimed New Sweden damaged the well because it operated properly before New Sweden mowed and did not after the mowing. He testified that a well drilling service inspected the well and found a broken joint twenty-five feet below the surface. However, no witness testified that Ockerman hit the stairway or well, and no photo at trial showed damage to the stairway or well. The only evidence Morgan provided was testimony that the broken joint lacked rust, which suggested the break was recent.

The district court held that New Sweden was not liable because New Sweden did not breach its duty of care on Morgan's property outside of the easement, res ipsa loquitur did not apply, and if comparative negligence applied, Morgan was at least as negligent as New Sweden. The court then entered its final judgment. Morgan timely filed his amended notice of appeal.

## II. ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment as to the scope of New Sweden's easement.

2. Whether the district court erred in granting summary judgment when the court ordered Morgan to remove all encroachments within New Sweden's easement.

3. Whether the district court abused its discretion in concluding that New Sweden did not breach a duty of reasonable care or cause damage to Morgan's stairway and well.

4. Whether either party is entitled to attorney fees on appeal.

## III. ANALYSIS

Morgan appeals the district court's grant of partial summary judgment and trial judgment in favor of New Sweden. Morgan argues that the district court did not construe all disputed facts in his favor on summary judgment, improperly construed the easement's width, and improperly ordered Morgan to remove all encroachments within the easement. Morgan further argues the district court's trial judgment was improper. New Sweden counters that the district court properly interpreted the statutes and Morgan never rebutted that New Sweden needed sixteen feet to maintain the canal. We affirm the district court's judgment.

## A. The district court properly granted summary judgment as to the scope of New Sweden's easement.

We review a district court's grant of summary judgment using the same standard the district court used in ruling on the motion. *Buckskin Props., Inc. v. Valley Cnty.*, 154 Idaho 486, 490, 300 P.3d 18, 22 (2013). Therefore, we affirm summary judgment when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

4

matter of law." I.R.C.P. 56(c). Under this standard this Court and the district court liberally construe the record and draw all reasonable inferences in favor of the non-moving party. *Drew v. Sorensen*, 133 Idaho 534, 537, 989 P.2d 276, 279 (1999).

1. We will not consider whether other property owners should be included.

Morgan initially argues that New Sweden's declaratory action to establish its easement's scope should have named other property owners. However, whether other property owners should have been named is a new issue Morgan raised on appeal. We do not consider issues raised for the first time on appeal. *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007). Also, this is a finite dispute between Morgan and New Sweden. New Sweden filed its counterclaim for declaratory judgment regarding Morgan's property only, so the easement's scope on other properties is irrelevant. Thus, we do not consider whether other property owners should have been included.

2. The district court properly construed the scope of New Sweden's easement.

The parties agree New Sweden has an easement over Morgan's property along the canal, but dispute the easement's scope. The district court held that there was no genuine dispute that New Sweden's easement was sixteen feet wide because Morgan failed to offer contradictory evidence regarding the space needed to operate equipment. Morgan argues that the district court erred in applying I.C. § 42-1102 and § 42-1209 because Morgan's affidavits show New Sweden's use was not reasonable and necessary.

An easement is the right to use another's land for a specific purpose. *McKay v. Boise Project Bd. of Control*, 141 Idaho 463, 471, 111 P.3d 148, 156 (2005). An irrigation easement is not exclusive. *Pioneer Irr. Dist. v. City of Caldwell*, 153 Idaho 593, 601–02, 288 P.3d 810, 818–19 (2012). The irrigation district is the dominant estate holder, whereas the land that the canal is located upon is the servient estate. *Bratton v. Scott*, 150 Idaho 530, 536, 248 P.3d 1265, 1271 (2011). When specific easement privileges are granted, "the easement owner's rights are paramount to those of the servient owner." *McKay*, 141 Idaho at 471, 111 P.3d at 156. Idaho Code section 42-1102 states that a right-of-way includes "the right to enter the land across which the right-of-way extends, for the purposes of cleaning, maintaining and repairing the ditch . . . ." Here, New Sweden held an easement, Morgan's land was the servient estate, and I.C. § 42-1102 gave New Sweden the right to enter his land to clean, maintain, and repair the canal.

An easement's width is generally a factual question, but when only one party presents evidence of width, there is no genuine issue of material fact and summary judgment is proper. *See Turner v. Cold Spring Canyon Ltd. P'ship*, 143 Idaho 227, 229, 141 P.3d 1096, 1098 (2006). Idaho Code section 42-1102's plain language indicates that a right-of-way's width is the area "necessary to properly do the work of cleaning, maintaining and repairing . . . with personnel and with such equipment as is commonly used, or is reasonably adapted, to that work." Thus, the width must be necessary to properly clean, maintain, or repair the canal with the "equipment as is commonly used, or is reasonably adapted" to that work.

Here, Sheppard stated that New Sweden needed sixteen feet to properly maintain the canals. He also stated that the equipment commonly used to maintain New Sweden's 125 miles of canals was a large mower with side and trailing mowers, and that other irrigation districts also used this same type of mower to maintain canals. These facts establish a sixteen-foot easement unless Morgan provides contradictory facts.

When all material facts are construed in Morgan's favor, it still is undisputed that sixteen feet was "necessary to properly do the work" with "commonly used" equipment. Morgan's affidavits do not rebut these facts. Instead, those affidavits only show that other property owners had encroachments and Morgan had always mowed the canal himself. New Sweden provided competent evidence from those experienced in the field that it used a mower that needed sixteen feet of flat surface to properly maintain the canal and that other irrigation districts commonly used the same type of mower. Morgan provided only his opinion that he could mow the canal himself. Thus, the district court correctly held that Morgan "failed to offer contradictory evidence regarding the space needed to operate equipment commonly used to clean and maintain the canal" and properly granted summary judgment as to a sixteen-foot easement.

Morgan contends that *Nampa & Meridian Irr. Dist. v. Washington Fed. Sav.*, 135 Idaho 518, 20 P.3d 702 (2001), establishes that an easement's width is determined by what is reasonable and necessary and New Sweden's activity was not necessary because Morgan's land was already mowed. However, these arguments also fail because Morgan did not provide competent evidence from those experienced in the field that it was unnecessary for New Sweden to use a sixteen-foot mower. Thus, the scope of New Sweden's easement on Morgan's property is sixteen feet. This holding does not mean that an irrigation district can simply declare its

easement to be the width of any mower it owns. Instead, our holding is narrow and based only on the affidavits in this case.

Also, Morgan argues that the district court erred by not explaining where the easement's width starts and ends, and where New Sweden may access its easement. Morgan is mostly concerned about the easement's width: whether it starts in the middle of the canal, the top of the canal's banks, or the high water mark. A judgment that determines an easement's existence on another's land "must set forth the location, width, and length of the easement in order that conflicts between landowners may be avoided." *Bedke v. Pickett Ranch & Sheep Co.*, 143 Idaho 36, 40, 137 P.3d 423, 427 (2006). The judgment "must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements thereof." *Kosanke v. Kopp*, 74 Idaho 302, 307, 261 P.2d 815, 818 (1953). Thus, courts must specifically describe an easement's width and location.

Here, the district court noted that the "right-of-way is sixteen (16) feet wide on each side of the irrigation canal based on the type of equipment that is commonly used to clean, maintain, or repair the irrigation canal" and "runs the length of Bradley Morgan's western boundary." This means the easement is sixteen feet wide all along the canal that runs on the western side of Morgan's property. However, a court's general grant of "sixteen feet" does not necessarily ensure all parties affected readily understand and comply with the requirements. Here, the description is more than general because it notes that sixteen feet extends from "each side of the irrigation canal." But nowhere in the judgment does the district court specifically state where "each side of the irrigation canal" begins. Sheppard stated in his affidavit that the mower needs "16 feet of flat surface" exclusive of any sloping banks. Morgan's affidavits did not rebut this fact. The description of the easement is not sufficient as to where on each bank a person starts measuring the sixteen feet. Actually, it could be argued the sixteen feet extends into the irrigation ditch. The easement's description needs further explanation of where on the canal the measuring starts. We remand so the district court can specify the exact location on the canal where the parties should begin to measure the width of the easement.

Morgan also contends that the district court's judgment allows New Sweden to cross Morgan's property at any place along the canal bank. Morgan appears to worry about this because a power transformer, a fence, and a head gate obstruct the entrance to the easement from

7

Morgan's property boundaries. Idaho Code section 42-1102 gives New Sweden the right to enter the non-easement property to clean and maintain the canal, and provides: "The right-of-way shall include, but is not limited to, the right to enter the land across which the right-of-way extends, for the purposes of cleaning, maintaining and repairing the ditch . . . ." However, entry must take place in "a reasonable manner as not to increase needlessly the burden on the servient estate." *Bedke*, 143 Idaho at 41, 137 P.3d at 428. Thus, in this case New Sweden cannot cross through Morgan's property at unreasonable entry points, but can access the easement from land other than the easement itself. In summary, the district court properly held the easement's width was sixteen feet based upon the evidence presented, but did not specify the exact location on the canal where the parties should begin the easement's width measurement.

**B. The district court properly concluded that Morgan must remove encroachments.**

Morgan's property had several structures, a tree, and other plants (including Russian Olive trees and wild rose bushes) within sixteen feet of the canal bank. Morgan contends that New Sweden could not remove encroachments within the easement because he did not need written permission for those encroachments and New Sweden did not prove as a matter of law that his encroachments were unreasonably interfering with the easement. Morgan also contends that New Sweden is not unequivocally entitled to damage anything inside of its easement because the easement holder has the burden to show unreasonable interference.

The legislature addressed when an irrigation district could remove encroachments in I.C. § 42-1209 and § 42-1102. Idaho Code section 42-1209 provides:

> Encroachments of any kind placed in such easement or right-of-way, without such express written permission shall be removed at the expense of the person or entity causing or permitting such encroachments, upon the request of the owner of the easement or right-of-way, in the event that any such encroachments unreasonably or materially interfere with the use and enjoyment of the easement or right-of-way.

Idaho Code section 42-1102 has almost identical language.[1] Thus, a landowner must remove an encroachment that: (1) was constructed after I.C. § 42-1209's effective date in 2004, (2) was

---

[1] Idaho Code section 42-1102 states:

> Encroachments of any kind placed in such right-of-way without express written permission of the owner of the right-of-way shall be removed at the expense of the person or entity causing or permitting such encroachment, upon the request of the owner of the right-of-way, in the event that any such encroachments unreasonably or materially interfere with the use and enjoyment of the right-of-way.

8

constructed without permission, and (3) interferes unreasonably or materially with the use and enjoyment of the easement. *Pioneer Irr. Dist.*, 153 Idaho at 599, 288 P.3d at 816. Finally, the irrigation district must request that the party responsible remove the encroachment. *Id.*

The first issue is whether Morgan needed written permission for his encroachments. The district court noted Morgan needed written permission because I.C. § 42-1102 and § 42-1209 both provide that "no person or entity shall cause or permit any encroachments" to the right-of-way without written permission. The court held that even if Morgan "caused" encroachments before the statute's 2004 effective date, Morgan had "permitted" those encroachments to stay in place without written permission.

New Sweden argues that whether structures pre-dated I.C. § 42-1209 and § 42-1102 is irrelevant because the legislature made I.C. § 42-1102 apply to canals already existing when those statutes became effective. To support its argument, New Sweden refers to I.C. § 42-1102's last sentence: "This section shall apply to ditches, canals or other conduits existing on the effective date of this act, as well as to ditches, canals or other conduits constructed after such effective date." However, this plain language specifies that I.C. § 42-1102 applies to canals, but never mentions encroachments to canals. Also, in *Pioneer* we explained that to remove an encroachment "the encroachment must have been constructed after the effective date of I.C. § 42-1209, as the statute's provision for 'such express written permission,' which clearly references preceding language in the statute, was not a requirement prior to that date." 153 Idaho at 599, 288 P.3d at 816. Given this interpretation and the similarity between I.C. § 42-1209 and § 42-1102, the statutes do not apply to encroachments constructed before the effective date. Hence, Morgan did not need written permission and I.C. § 42-1209 and § 42-1109 do not apply.

Instead, we must use the case law that existed prior to these statutes. A servient estate owner "is entitled to make uses of the property that do not unreasonably interfere with the dominant estate owner's enjoyment of the easement." *Nampa & Meridian Irr.*, 135 Idaho at 522, 20 P.3d at 706. This means that an easement holder gets relief "upon a showing that he is obstructed from exercising privileges granted in the easement." *Id.* Thus, an easement holder has the burden of showing unreasonable interference. If he meets that burden, then the servient estate must remove those encroachments. The second issue is therefore whether New Sweden has shown that Morgan's structures and plants unreasonably interfere with its easement.

9

The district court concluded that Morgan could use his land within the easement, but not "in a manner that unreasonably burdens New Sweden's right to occupy the area with equipment it commonly uses to clean and maintain" the canal. The court also dismissed the complaint for items damaged within the easement because of New Sweden's statutory duty to maintain the canal and its banks. The district court's final judgment asserted that New Sweden was entitled to clean the canal within its easement and "that any and all encroachments located within the sixteen (16) foot right-of-way . . . must be removed."

Morgan relies on *Nampa & Meridian Irrigation* to argue that a lack of prior heavy equipment maintenance means that Morgan's encroachments did not unreasonably interfere with the easement. There, we noted that the irrigation district provided no record of canal maintenance with heavy equipment for over twenty years and this lack of prior use suggested that the district's "activity will be so infrequent that its easement rights will not be unreasonably interfered with." *Nampa & Meridian Irr.*, 135 Idaho at 523, 20 P.3d at 707. Indeed, these facts are similar to the facts Morgan alleged prior to 2009. However, in this case, New Sweden drove its equipment on the easement, unlike in *Nampa & Meridian Irrigation* where the district never used heavy equipment. In fact, New Sweden's maintenance attempt is the reason why this case arose. Even if New Sweden mowed Morgan's land for the very first time on June 25, 2009, that one mowing sets this case apart.

Whether a landowner's particular use unreasonably interferes with the easement holder's enjoyment of the easement is a question of fact. *See Nampa & Meridian Irr.*, 135 Idaho at 522–23, 20 P.3d at 706–07. However, even when the facts are viewed in the light most favorable to Morgan, there is still no genuine issue of material fact as to whether his encroachments are unreasonable. New Sweden established with unrebutted and competent evidence that it required sixteen feet to maintain the canal because of the space needed for its commonly used mower. Thus, New Sweden established that it is unreasonable to have any obstruction within sixteen feet of the canal because it would interfere with mowing. Testimony that unmovable obstructions caused employees to temporarily leave the easement is unrebutted evidence that these obstructions unreasonably interfere with canal maintenance. New Sweden therefore met its burden.

Additionally, Morgan argues that the district court erred by denying his motion for leave to amend to add a claim for declaratory relief because the claim would have compelled the

10

district court to address necessary issues. This Court does not consider an issue when an argument generally attacks the district court's findings and conclusions without any specific reference to evidentiary or legal errors. *Bettwieser v. New York Irr. Dist.*, 154 Idaho 317, 325, 297 P.3d 1134, 1142 (2013). Morgan never specifically argues why the district court needed to address those issues and why the court erred by holding his claim was without merit and futile. Thus, we will not consider this issue.

We affirm the district court's decision. Again, our holding does not mean that an irrigation district can do whatever it wants within its easement. Our holding also does not leave a landowner with no recourse for activities within an irrigation district's easement. Our holding is narrowly limited to the facts and affidavits in this case.

## C. The district court did not abuse its discretion in awarding judgment to New Sweden.

Morgan's case went to trial only on one issue: whether New Sweden negligently caused damages outside the easement. Negligence requires (1) a legal duty that requires a defendant to conform to a certain standard of conduct; (2) breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Grabicki v. City of Lewiston*, 154 Idaho 686, 691, 302 P.3d 26, 31 (2013) (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 272, 281 P.3d 103, 109 (2012)). The plaintiff has the burden to establish every element. *Id.* Morgan argues the district court erred in holding New Sweden did not breach its duty and that Morgan provided insufficient evidence of causation.

On appeal, we limit our review of the district court's decision to whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Nampa & Meridian Irr.*, 135 Idaho at 521, 20 P.3d at 705. We liberally construe a district court's findings of fact in a bench trial in favor of the judgment entered because

> [i]t is the province of the district judge acting as trier of fact to weigh conflicting evidence and testimony and to judge the credibility of the witnesses. We will not substitute our view of the facts for the view of the district court. Instead, where findings of fact are based on substantial evidence, even if the evidence is conflicting, those findings will not be overturned on appeal.

*Id.* (internal citations omitted).

1. Res ipsa loquitur

At trial Morgan argued that res ipsa loquitur applied to show that New Sweden breached its duty of care. Res ipsa loquitur "creates an inference of the breach of the duty imposed and replaces direct evidence with a permissive inference of negligence." *Christensen v. Potratz*, 100

11

Idaho 352, 355, 597 P.2d 595, 598 (1979). Res ipsa loquitur only applies when a plaintiff proves two elements: (1) the defendant exclusively controlled and managed the agency or instrumentality that caused the injury; and (2) the circumstances permit "an average layperson to infer, based upon common knowledge and experience, that the plaintiff would not have suffered those injuries in the absence of the defendant's negligence." *Enriquez v. Idaho Power Co.*, 152 Idaho 562, 566, 272 P.3d 534, 538 (2012).

We have stated that for res ipsa loquitur to apply it is "necessary that the cause of the injury point to the defendant's negligence." *S. H. Kress & Co. v. Godman*, 95 Idaho 614, 617, 515 P.2d 561, 564 (1973). In other words, where the injury has other probable causes, a plaintiff must show the defendant was negligent in some way. *Enriquez*, 152 Idaho at 566, 272 P.3d at 538. In *Godman*, a company repaired a boiler, which exploded an hour and a half later, damaging the plaintiff's store. 95 Idaho at 615, 515 P.2d at 562. About a half hour before the explosion, the plaintiff's manager went to the boiler room and found the boiler's water pressure normal. *Id.* The court held that res ipsa loquitur did not apply because there were other probable explanations of the boiler's explosion. *Id.* at 617, 515 P.2d at 564. These explanations included the plaintiff's negligence when he controlled the boiler's maintenance. *Id.*

Here, Morgan never established that the well and staircase damage would not have happened without New Sweden's negligence. Morgan alleged that the stairway was undamaged before Ockerman mowed and damaged immediately after. However, that temporal proximity is similar to the temporal proximity between the boiler repair and explosion in *Godman*. In both cases, there were other probable causes. Here, the stairway was over twenty years old. The well was thirty-five years old. Morgan never presented any other evidence that New Sweden caused the damage. Thus, res ipsa loquitur does not apply.

### 2. Cause

Morgan argues the district court erred by not allowing him to establish causation with expert testimony. The decision to admit expert testimony "is within the sound discretion of the trial court, and will not be overturned except upon a showing of abuse of discretion." *Kolln v. St. Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). The test for abuse of discretion is: "(1) whether the court correctly perceived that the issue was one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether it reached its

12

decision by an exercise of reason." *White v. Mock*, 140 Idaho 882, 888, 104 P.3d 356, 362 (2004). Here, the district court denied Morgan's expert testimony because Morgan disclosed his expert after the discovery deadline. The court noted that this denied New Sweden the opportunity to fully prepare for trial. Because the district court used its discretion to make a reasoned decision, we hold the district court did not abuse its discretion.

Substantial evidence supports the district court's finding of no causation because it could have found New Sweden's direct evidence outweighed Morgan's circumstantial evidence. Ockerman's direct testimony was that the mower never contacted the stairway or well because he did not notice the noise and vibration that the mower makes when it strikes a solid object. Morgan's evidence was that the day before New Sweden mowed the well and stairway were undamaged, but the day after the stairway was damaged and the well had no water pressure. Morgan also provided testimony that the well drilling service found a broken joint twenty-five feet below the ground. That joint was not rusted, which Morgan suggested meant the break was recent. The district court merely had a choice of which presentation was more credible. The court decided for New Sweden. Substantial competent evidence supports that choice. Thus, we hold the district court did not abuse its discretion when it held Morgan did not establish that New Sweden caused the damage. Therefore, the district court properly found New Sweden was not negligent and entered a judgment in favor of New Sweden.

## D. Neither party is entitled to attorney fees on appeal.

Morgan argues he is entitled to attorney fees on appeal pursuant to I.C. § 12-121 because New Sweden pursued its declaratory judgment frivolously. This statute awards attorney fees to the prevailing party. Because we affirm part of the district court's judgment, Morgan is not the prevailing party.

New Sweden seeks attorney fees under I.C. § 12-117. A court awards reasonable attorney fees under I.C. § 12-117 to the prevailing party. *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012). Because we remand for the district court to provide a more precise description of the easement, New Sweden is not the prevailing party. Thus, neither party is awarded attorney fees on appeal.

13

## IV. CONCLUSION

We remand for the district court to enter a judgment that describes the precise location where the easement's sixteen-foot width measurement begins. We otherwise affirm the district court's judgment. No attorney fees are awarded on appeal. Costs to New Sweden.

Justice EISMANN, J. JONES, HORTON and SCHROEDER, J, Pro tem, **CONCUR.**

14