IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 45578

| | | |
|---|---|---|
| MARTIN C. GALVIN and PATRICIA L. GALVIN, | ) ) ) | |
| Plaintiffs-Respondents, | ) ) | Boise, November, 2018 Term |
| v. | ) ) | Opinion filed: February 8, 2019 |
| CITY OF MIDDLETON, | ) ) ) | Karel A. Lehrman, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

The judgment of the district court is affirmed.

Borton & Lakey, Meridian, for Appellants.  Victor S. Villegas argued.

Barker, Rosholt & Simpson, LLP, Boise, for Respondents.  Scott Magnuson argued.

HORTON, Justice.

The City of Middleton (the City) appeals the district court's grant of summary judgment to Martin and Patricia Galvin on their claim of prescriptive easement and its award of attorney fees to the Galvins pursuant to Idaho Code section 12-117.  We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2016, the Galvins filed a complaint against the City of Middleton for quiet title, declaratory judgment, and a permanent injunction concerning their use of Willis Road, a private road that the City acquired in 2015. The Galvins alleged that their use of Willis Road since 1949 created a prescriptive easement entitling them to use the road for ingress, egress, and

1

farming and irrigation purposes. The City's answer denied the existence of the easement but did not dispute that the Galvins had used the road for the past sixty years.

The Galvins moved for summary judgment on November 23, 2016. The City opposed the motion, arguing that genuine issues of material fact regarding abandonment of the easement and the easement's dimensions precluded summary judgment. The City's primary argument was that the Galvins had abandoned the prescriptive easement by applying for and receiving a zoning change for the property.

The district court granted summary judgment for the Galvins, observing that "[a]lthough the parties have emphasized different facts, there does not appear to be an actual dispute as to the facts in this case." The district court found that the Galvins had demonstrated the creation of a prescriptive easement, that the Galvins had not abandoned the easement, and that the City's defense of the case was "without a reasonable basis in law or fact."

The City filed a motion to reconsider the grant of summary judgment and award of attorney fees. At the same time, the Galvins moved to amend the judgment to include a full description of the length and width of the easement which the district court granted without permitting the City to respond. Although the district court denied the City's motion to reconsider, it set a hearing to determine the dimensions of the easement. At the hearing, the City disputed whether the width of the easement should be sixteen or twenty feet. The Galvins offered to stipulate to a sixteen-foot-wide easement to settle the matter, but the City refused unless the district court disallowed the previous award of attorney fees. The basis for the City's challenge to the award of attorney fees relied on a line of caselaw first articulated in *Nampa & Meridian Irrigation District v. Washington Federal Savings*, 135 Idaho 518, 20 P.3d 702 (2001*), abrogated by Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 329 P.3d 1072 (2014). "The entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded even though the losing party has asserted other factual or legal claims that are frivolous, unreasonable, or without foundation." *Coward v. Hadley*, 150 Idaho 282, 289–90, 246 P.3d 391, 398–99 (2010).

After a protracted fight over attorney fees, the district court issued an order awarding attorney fees to the Galvins pursuant to Idaho Code section 12-117, reducing the amount

awarded because the Galvins "submitt[ed] the first legal description that contained an erroneous legal description." The City timely appealed.

## II.    STANDARD OF REVIEW

When reviewing an order granting summary judgment, this Court applies the same standard used by the court in ruling upon the motion. *Morgan v. New Sweden Irrigation Dist.*, 156 Idaho 247, 253, 322 P.3d 980, 986 (2014). Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a).

> Disputed facts are resolved in favor of the non-moving party, but "when an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts."

*In re Contest of Election*, 164 Idaho 102, 105, 425 P.3d 1245, 1248 (2018) (quoting *Barnes v. Jackson*, 163 Idaho 194, 197, 408 P.3d 1266, 1269 (2018)).

The award of attorney fees and costs is committed to the sound discretion of the trial court and is reviewed for abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citing *Hull v. Giesler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)).

## III.    ANALYSIS

This appeal presents three issues: (1) whether the district court's decision granting summary judgment for the Galvins on the issue of abandonment was in error; (2) whether the district court's award of attorney fees to the Galvins was an abuse of discretion; and (3) whether this Court should award either party attorney fees on appeal. We consider these issues in turn.

**A. The district court correctly granted summary judgment for the Galvins on the issue of abandonment.**

The City argues that the district court incorrectly granted summary judgment for the Galvins because there were material questions of fact regarding the issue of abandonment.[1] On this issue, the district court found that:

> At most, the act of applying for a zoning change indicated that [the] Galvins had a plan for future changes in the use of their property which could potentially end their easement. There was never any change in the use of their farming property and they continued to use the Road as they had done since 1949. The request for a zoning change of their farming property, in and of itself, does not demonstrate an intent to immediately abandon the appurtenant easement. They likewise failed to engage in any act demonstrating abandonment.

Abandonment "is the relinquishment of a right by the owner thereof without any regard to future possession by himself or any other person, but with the intention to forsake or desert the right." *Mortensen v. Berian*, 163 Idaho 47, 51, 408 P.3d 45, 49 (2017) (quoting *Joyce v. Murphy Land and Irrigation Co.*, 35 Idaho 549, 555, 208 P. 241, 243 (1922)). Along with this requisite intent, abandonment requires "a clear, unequivocal, and decisive act." *Id.* "[T]he acts claimed to constitute the abandonment of an easement must show the destruction thereof, or that its legitimate use has been rendered impossible by some act of the owner thereof, or some other unequivocal act showing an intention to permanently abandon and give up the easement." *O'Brien v. Best*, 68 Idaho 348, 357–58, 194 P.2d 608, 613–14 (1948). Thus, to show abandonment, both act and intent must be shown by "clear proof . . . ." *Id.* at 357, 194 P.2d at 613.

The City's argument regarding abandonment rests entirely upon the Galvins' successful application to rezone their property. The City contends that the Galvins' participation in the rezoning process, including attending and testifying at hearings, demonstrates both the act and the intent required to abandon the prescriptive easement. Arguably, the City may have raised a genuine issue of material fact regarding the intent element of abandonment. However, the district court correctly granted summary judgment on the issue of abandonment because the Galvins' successful rezoning application did not satisfy the clear, unequivocal, and decisive act requirement.

---

[1] Although the district court granted summary judgment without evidence of the dimensions and location of the easement, the City does not argue this issue on appeal outside of the attorney fee context.

This Court has previously found the act requirement satisfied by the destruction of the property to which the easement applied. *Weaver v. Stafford*, 134 Idaho 691, 698, 8 P.3d 1234, 1241 (2000), *rev'd on other grounds by Weitz v. Green*, 148 Idaho 851, 230 P.3d 743 (2010). In *Weaver*, we held that the act of filling in a ditch was "sufficient to abandon any prescriptive easement which may have existed in the dirt ditch." *Id.*

The only act that the City has identified as evidence of abandonment is participation in the rezoning process. However, the uncontroverted evidence shows that after their property was rezoned the Galvins continued to use the irrigation road in the same manner as they had previously. Although the City attempts to liken the Galvins' acts to those we considered in *Weaver*, we are not persuaded. Simply stated, the property rezone was irrelevant because the nature of the Galvins' use of the easement did not change. Therefore, we conclude that the district court properly granted summary judgment in favor of the Galvins on the issue of abandonment.

**B. The district court's award of attorney fees was not an abuse of discretion.**

The district court awarded attorney fees to the Galvins pursuant to Idaho Code section 12-117 on the basis that the City's defense was frivolous and "ha[d] burdened the Galvins enough and unreasonably prolonged this litigation for the sole purpose of avoiding the award of attorney fees." Specifically the district court noted the City had:

> (1) failed to acknowledge evidence of historical use and notice of the easement prior to the action; (2) failed to acknowledge evidence of the Galvins' continuous use while arguing abandonment; (3) failed to present any evidence of the easement's dimensions prior to or at the summary judgment stage in spite of the Galvins' request for twenty feet to accommodate a combine header; and (4) offered the Galvins a description including a sixteen-foot width instead of twenty, then refused to allow the Galvins to stipulate to such.

Further, the district court concluded "that the City of Middleton perfectly exemplified the dual purposes of [Idaho Code section] 12-117: (1) to deter groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne an unfair and unjustified financial burden attempting to correct mistakes agencies should never have made."

The City argues that the district court's award of attorney fees to the Galvins was an abuse of discretion because the City had a reasonable basis in fact and law for its defense of the case before the district court. Specifically, the City argues, citing to *Michalk v. Michalk*, 148

Idaho 224, 220 P.3d 580 (2009), that there were legitimate questions regarding the dimensions and location of the easement and that because the City presented a single legitimate issue, the award of attorney fees was inappropriate.

Idaho Code section 12-117(1) provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

"The standard for awarding attorney fees under Idaho Code section 12-121 is essentially the same as that under Idaho Code section 12-117." *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 525, 387 P.3d 761, 778 (2015). "This Court has stated that 'both I.C. § 12-117 and § 12-121 permit the award of attorney's fees to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation.' " *Id.* at 525–26, 387 P.3d at 778–79 (quoting *Nation v. State, Dep't of Correction,* 144 Idaho 177, 194, 158 P.3d 953, 970 (2007)).

The City's contention that it did not defend the case unreasonably rests on the fact that the district court entered a judgment that did not define the precise location and dimensions of the easement as required by Idaho law. The City correctly notes that "[a] judgment that determines an easement's existence on another's land 'must set forth the location, width, and length of the easement in order that conflicts between landowners may be avoided.' " *Morgan v. New Sweden Irrigation Dist.*, 156 Idaho 247, 254, 322 P.3d 980, 987 (2014) (quoting *Bedke v. Pickett Ranch & Sheep Co.*, 143 Idaho 36, 40, 137 P.3d 423, 427 (2006)). "The judgment 'must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements thereof.' " *Id.* (quoting *Kosanke v. Kopp*, 74 Idaho 302, 307, 261 P.2d 815, 818 (1953)). The City is correct that the district court erred in entering a judgment lacking the proper description; however, the subsequent actions of the district court rendered this error harmless.

The district court entered an amended judgment proposed by the Galvins without allowing the City to respond. The district court recognized this error and permitted the City to fully brief the description and dimensions issue before issuing a second amended judgment that comported with the requirement of a specific description of the easement.[2] The district court then reconsidered the issue of attorney fees and explained: "I'm going to award attorney's fees. I think plaintiffs clearly are the prevailing parties in this matter. I do find that the case was frivolously defended, at least to certain aspects. It certainly was not frivolously defended as to the dimensions of the easement."

The City contends that because it raised a single legitimate issue—the dimensions of the easement—the Galvins were not entitled to an award of attorney fees.[3] However, we have repudiated and cautioned against "the overly strict application of Idaho Code section 12-121 set forth in *Nampa Meridian*." *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 632, 329 P.3d 1072, 1080 (2014). Instead, we now take a more holistic view to examine whether the non-prevailing party argued the issues in "good faith" or acted "without a reasonable basis in fact or law." *Manwaring Investments, L.L.C. v. City of Blackfoot*, 162 Idaho 763, 774, 405 P.3d 22, 33 (2017).

In *Idaho Military Historical Society*, we upheld the district court's decision to "apportion[] attorney fees, awarding fees for the frivolous, unreasonable, and foundationless claims by the Defendants that created the need for the lawsuit." 156 Idaho at 632, 329 P.3d at

---

[2] The district court stated:

> The Court did not specifically determine the width or length of the easement and had no legal description at the time that [it] granted summary judgment on the issue of the easement. That's why when the survey came in and the Court signed and should not have signed the amended judgment, I allowed the City of Middleton to come back and discuss the dimensions of the easement.

[3] Throughout its briefing and in the case below, the City advanced this proposition from *Nampa & Meridian Irrigation District v. Washington Federal Savings*—bolded and underlined—without acknowledging that this approach to attorney fees has been abrogated. 135 Idaho 518, 524–25, 20 P.3d 702, 708–09 (2001), *abrogated by Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 329 P.3d 1072 (2014). This Court recently rejected a similar argument, even though the Department of Administration (DOA) had prevailed on some issues before the lower court: "Rather than recognizing that the actions of [the] former director [] corrupted the procurement process, DOA doggedly defended that process to the bitter end. The district court was within its discretion to find that nothing in the protracted proceedings subsequently rendered DOA's defense reasonable." *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 832, 367 P.3d 208, 227 (2016).

The failure to acknowledge the existence of adverse controlling precedent from this Court was not willful. At oral argument, counsel for the City candidly admitted that he had failed to Shepardize or Key-Cite our decision in *Nampa & Meridian Irrigation District*.

1080. The district court essentially did the same here by reducing the attorney fee award to take into account the legitimate aspects of the dispute over the description of the easement, stating "[t]he Court does find that . . . an adjustment is appropriate to account for the [Galvins] submitting the first legal description that contained an erroneous legal description." The district court then reduced the award accordingly.

Even as to the City's defense of the single legitimate issue of the case, the district court found aspects of the defense frivolous. Most egregiously, based upon its erroneous understanding of the law[4] regarding the award of attorney fees, the City refused to stipulate to the dimensions of the easement that it had previously contended were correct in an effort to avoid the district court's award of attorney fees.

"The appellant bears the burden of showing that the trial court abused its discretion." *Schweitzer Basin Water Co. v. Schweitzer Fire Dist.*, 163 Idaho 186, 189, 408 P.3d 1258, 1261 (2017). We conclude that the City has failed to meet its burden of demonstrating that the district court abused its discretion by awarding attorney fees to the Galvins. The district court's factual findings to justify its award are clearly supported by the record. Just as the Department of Administration in *Syringa Networks, LLC*, the City has "doggedly defended th[is] process to the bitter end" in an effort to avoid paying the Galvins attorney fees. 159 Idaho at 832, 367 P.3d at 227.

### C. The Galvins are entitled to attorney fees on appeal.

On appeal, both parties argue that they are entitled to attorney fees. The City is not entitled to attorney fees because it is not the prevailing party.

The Galvins request attorney fees on appeal under Idaho Code section 12-117. As noted above, this section " 'permit[s] the award of attorney's fees to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation.' " *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 525–26, 387 P.3d 761, 778–79

---

[4] The City's dogged reliance on an erroneous legal principle is not restricted to the issue of attorney fees. Despite the fact that the district court would be the factfinder, at every stage of these proceedings the City has continued to advance an incorrect standard of review for the district court's grant of summary judgment. The City claims that it is entitled to "every favorable inference." The proper standard of review is identified in Section II of this opinion. The City was entitled to "the most probable inferences based upon the undisputed evidence" and the district court could grant summary judgment "despite the possibility of conflicting inferences." *P.O. Ventures, Inc. v. Loucks Family Irrevocable Tr.*, 144 Idaho 233, 237, 159 P.3d 870, 874 (2007).

(2015) (quoting *Nation v. State, Dep't of Correction,* 144 Idaho 177, 194, 158 P.3d 953, 970 (2007)). We find this appeal to have been frivolously pursued. Therefore, the Galvins are entitled to an award of attorney fees incurred in this appeal.

## IV.    CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to the Galvins.


Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**