# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42575

BRADLEY K. MORGAN, )
       ) **Boise, December 2015 Term**
      **Plaintiff-Appellant,** )
       ) **2016 Opinion No. 26**
v. )
       ) **Filed: March 4, 2016**
NEW SWEDEN IRRIGATION DISTRICT, )
       ) **Stephen W. Kenyon, Clerk**
      **Defendant-Respondent.** )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

The district court's November 6, 2012 judgment is <u>affirmed</u>. Costs and attorney fees on appeal to the respondent.

M. Brent Morgan, Chtd., Pocatello, attorney for appellant.

Hall Angel Starnes, LLP, Idaho Falls, attorneys for respondent, Blake G. Hall argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Appellant, Bradley K. Morgan ("Morgan"), appeals from a declaratory judgment determining where to measure the sixteen-foot width of an easement held by Respondent, New Sweden Irrigation District ("New Sweden"), which borders an irrigation canal (the "Sinkhole Irrigation Canal") that runs the length of a piece of Morgan's property (the "Morgan Property"). On appeal, Morgan does not dispute the existence of New Sweden's easement, but rather argues that: (1) the district court erred by denying Morgan's request for a jury trial; (2) the district court abused its discretion by refusing to admit new evidence at trial; (3) the district court erred by failing to incorporate the holdings of a previous judgment identifying the boundaries of the easement, the access points to the easement, the encroachments on the easement, and the party

1

responsible for removing those encroachments; and (4) the district court erred by failing to limit the removal of encroachments and the uses of the easement to that which is reasonable.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Morgan is the owner of the Morgan Property, which is located in Bonneville County, Idaho. The Morgan Property is commonly referred to as 295 Canyon Creek Road, Idaho Falls, Idaho.

New Sweden is an irrigation district, existing under Idaho law, which supplies farms with ground water though a system of canals in Bonneville County. One of the canals owned by New Sweden is the Sinkhole Irrigation Canal, which borders the Morgan Property. Under Idaho Code section 42-1102, New Sweden is entitled to an easement on either side of its canals for the purposes of "cleaning, maintaining and repairing the . . . canal . . . with personnel and with such equipment as is commonly used, or is reasonably adapted to that work." I.C. § 42-1102.

On the morning of June 25, 2009, New Sweden mowed the canal banks along the Morgan Property.

On October 20, 2010, Morgan filed a complaint alleging that New Sweden had negligently damaged his landscaping, sprinkler equipment, and well. New Sweden counterclaimed, seeking a declaratory judgment confirming the existence and scope of its easement. New Sweden subsequently filed a motion for summary judgment.

On October 25, 2011, the district court granted partial summary judgment in favor of New Sweden.

On April 10 and 11, 2012, the district court held a limited trial on the issue of whether or not New Sweden had negligently caused damage to Morgan's property.

On August 16, 2012, the district court entered a final judgment, holding that: (1) New Sweden has a right-of-way (i.e., easement) along the Sinkhole Irrigation Canal; (2) the right-of-way is sixteen feet wide on each side of the Sinkhole Irrigation Canal; (3) New Sweden is within its statutory rights to remove vegetation within the right-of-way; (4) any encroachments within the right-of-way must be removed by Morgan; and (5) New Sweden did not breach any duty of care owed to Morgan when mowing within the right-of-way.

Morgan appealed to this Court; arguing that: (1) the district court erred in granting summary judgment as to the scope of New Sweden's easement; (2) the district court erred in ordering Morgan to remove all encroachments within New Sweden's easement; and (3) the

2

district court abused its discretion in concluding that New Sweden did not breach a duty of reasonable care.

On March 13, 2014, this Court published an opinion, wherein it found that: (1) the district court's holding that New Sweden's easement was sixteen feet wide was not error; (2) the district court's holding that Morgan must remove all encroachments was not error; and (3) the district court's ruling that New Sweden did not breach a duty of reasonable care was not an abuse of discretion. *Morgan v. New Sweden Irrigation Dist.*, 156 Idaho 247, 322 P.3d 980 (2014). This Court thereby affirmed the district court's August 16, 2012 judgment, but remanded to the district court with instructions to enter an additional declaratory judgment that "describes the precise location where the easement's sixteen-foot width measurement begins."

On May 12, 2014, Morgan filed a motion for a jury trial as to all factual issues remaining to be determined by the district court.[1]

In a one paragraph order dated June 20, 2014, the district court denied the motion for a jury trial.

On or around June 20, 2014, Morgan and New Sweden provided pretrial submissions to the court identifying the following evidence that had not been introduced at the previous trial: (1) brochures published by New Sweden containing an illustration of a typical easement; (2) pictures illustrating the application and use of New Sweden's easements on other properties; and (3) New Sweden's bylaws, effectuated after the start of the litigation, which define the width of New Sweden's easements and where width is measured from.

In addition to these new exhibits, Morgan attempted to subpoena three New Sweden board members who had not previously testified in the case. The first board member, Louis Thiel, was in Alaska and was never personally served. The other two board members, Chet Adams and Gary Dixon, were not board members when the case arose. Those two board members were also served with subpoenas *duces tecum* to provide minutes of New Sweden meetings (which apparently do not exist) and copies of New Sweden's bylaws. The subpoenas *duces tecum* were not served more than thirty days in advance of the trial date as required by Idaho Rule of Civil Procedure 45(b).

---

[1] The only factual issue remaining was where the sixteen-foot width measurement of the easement began relative to the edge of the Sinkhole Irrigation Canal (i.e., whether the easement measured from the middle of the canal, the waterline, or from the point at which the land flattened out). *See Morgan,* 156 Idaho at 258, 322 P.3d at 991.

At the pretrial conference, the district court established that it would restrict exhibits and testimony at trial to witnesses and exhibits that had previously been identified in the summary judgment proceedings.

On June 24, 2015, the court held trial, wherein it quashed the subpoenas. During the trial, the court allowed Morgan to present new evidence for the purpose of impeachment only.

At trial, New Sweden presented its only witness, Kail Sheppard, who testified that sixteen feet of flat surface is required, exclusive of any sloping banks, to properly use the machinery necessary to maintain the canal. The machinery consists of commercial mowers used to clear foliage from around the canal and an excavator used to remove debris.

Because his subpoenas had been quashed, Morgan served as his only witness. He testified that if the easement were measured from the beginning of the flat surface, an excavator used by New Sweden would be too far from the bank to actually reach into the canal. He further testified that there is nothing to mow in the easement other than some grass and alfalfa that is already mowed on a bi-weekly basis.

On August 20, 2014, the district court entered a final judgment, which stated as follows:

> It is hereby ordered adjudged and decreed that New Sweden Irrigation District owns a right-of-way along the Sinkhole irrigation canal [sic] that runs the entire length of Bradley Morgan's Property. That said 16 foot right-of-way commences at the top of the bank before the bank begins its descent to the water where portions of Morgan's property stretch out flat from the top of the canal bank. That said 16 foot right-of-way commences from the outside toe of the berm levy or bank, where the land begins to level out where portions of Morgan's property abutting the canal is bermed or levied.[2]

Morgan now appeals that judgment.

### III. ISSUES ON APPEAL

1. Did the district court err on remand by refusing to allow a trial by jury on issues of fact?

2. Did the district court abuse its discretion on remand by failing to allow and consider new evidence and new witnesses?

3. Did the district court err on remand by failing or refusing to incorporate its August 16, 2012 judgment into its November 6, 2014 judgment, so as to precisely define the easement awarded to New Sweden and address: (1) the length of the easement and where it starts and ends; (2) the width of the easement and where it starts; (3) the access and

---

[2] This judgment was reissued on November 6, 2014, in order to comply with Rule 54(a) of the Idaho Rules of Civil Procedure.

4

entry points to the easement; (4) the express encroachments, including vegetation, which unreasonably or materially interfere with New Sweden's use of the easement; and (5) responsibility for removal of each specific encroachment?

4. Did the district court err on remand by failing to: (1) limit the removal of encroachments that do not immediately, unreasonably, and materially interfere with the use of the mower or excavator; (2) restrict the use of the mower to only those areas on Morgan's land that can or need to be mowed; and (3) restrict the use of the excavator to when and where the use of that equipment is actually needed?

5. Is New Sweden entitled to attorney's fees on appeal?

## IV. STANDARD OF REVIEW

1. *Whether Morgan had a right to a jury trial on remand is a question of law over which this Court exercises free review.*

Whether or not Morgan was entitled to a jury trial is an issue of constitutional interpretation. Constitutional issues are purely questions of law over which this Court exercises free review. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998).

2. *Rulings on the admission of evidence are reviewed for abuse of discretion.*

When this Court remands a case to the district court, "it is within the discretion of the trial court to determine whether the existing record is sufficient, or should be supplemented, in order to make the required findings of fact and conclusions of law." *Akers v. D.L. White Constr., Inc.*, 156 Idaho 27, 34, 320 P.3d 428, 435 (2013). Accordingly, this Court reviews the trial court's decision regarding the admission of evidence for an abuse of discretion.

3. *Whether the scope of the district court's judgment on remand was improper is a question of law over which this Court exercises free review.*

> Following a bench trial, this Court's review "is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009). . . . [T]his Court exercises free review over matters of law and is not "bound by the legal conclusions of the trial court, but may draw its own conclusions from the facts presented." *Credit Suisse AG v. Teufel Nursery, Inc.*, 156 Idaho 189, 194, 321 P.3d 739, 744 (2014).

*U.S. Bank Nat'l Ass'n N.D. v. CitiMortgage, Inc.*, 157 Idaho 446, 451, 337 P.3d 605, 610 (2014).

The district court in this case limited its judgment to the narrow issue specified by this Court on remand. Morgan argues that because the judgment purports to "define an easement's existence" it must describe the easement and all aspects thereof in detail. This is a question of law over which we exercise free review.

5

**A.    Morgan had no right to a jury trial on remand.**

Article I, section 7 of the Constitution of the State of Idaho provides that the right of trial by jury must remain inviolate. IDAHO CONST. art. I, § 7. This right exists for claims in law only, and not for claims in equity. *See, e.g., Ada County Highway Dist. v. Total Success Investments, LLC*, 145 Idaho 360, 369, 179 P.3d 323, 332 (2008); *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 274, 824 P.2d 841, 849 (1991); *Rudd v. Rudd*, 105 Idaho 112, 115–16, 666 P.2d 639, 642–43 (1983).

However, bringing a claim in equity does not automatically strip a defendant's right to a jury trial on issues of fact. *Ennis v. Casey*, 72 Idaho 181, 185, 238 P.2d 435, 438 (1951). Where the fact at issue determines an underlying claim or remedy at law, a jury trial is still required. For example, in *Ennis* this Court reviewed a declaratory judgment action regarding whether or not a party was entitled to new warehouse receipts. 72 Idaho at 182, 238 P.2d at 436. Whether the defendant was required to issue new warehouse receipts turned on whether it had exercised reasonable due care and what, if any, damage was attributable to any failure to do so. *Id.* The district court conducted a bench trial and made findings of fact as to these issues. *Id.* On appeal, this Court held that determining questions of reasonable due care and damages was equivalent to deciding an action for negligence—an action in law for which defendant maintained its right to a jury trial. *Id.* at 185, 238 P.2d at 438. Determining such facts, even in an action in equity, was therefore improper unless the parties had waived their jury trial rights. *Id.* Likewise, in *Farmers Insurance Exchange v. Tucker*, this Court held that the factual determination of damages owed under an umbrella insurance policy necessitated a jury trial because damages are a remedy in law rather than equity. 142 Idaho 191, 194, 125 P.3d 1067, 1070 (2005).

Conversely, where an issue of fact relates only to a declaration of rights, status, or other action sounding in equity, then a bench trial is appropriate. "The declaratory judgments act [sic] of 1933 granted a right and a remedy, unknown to the common law; the right to a declaration of 'rights, status, and other legal relations.'" *Temperance Ins. Exchange v. Carver*, 83 Idaho 487, 493, 365 P.2d 824, 827 (1961). "The trial of issues of fact incidental to the exercise of rights and remedies granted by the declaratory judgments act [sic], are generally triable before the court without a jury." *Id.* Accordingly, in *Estate of Holland v. Metropolitan Prop. and Cas. Ins. Co.*, this Court determined that in an action for declaratory judgment there was no right to a jury trial

in order to determine the terms of a settlement agreement, which was properly an issue in equity. 153 Idaho 94, 100, 279 P.3d 80, 86 (2012).

Like the terms of a settlement agreement, the terms of an easement are facts sounding solely in equity. This is because the terms of an easement are facts incidental to the exercise of rights and remedies granted by declaratory judgment. Any claim by New Sweden to enforce its easement would also be a claim in equity. Further, the remedy sought by New Sweden, a declaration of rights, is an equitable remedy in juxtaposition to the determination of damages requested in *Ennis* and *Farmers*. Accordingly, we hold that no right to jury trial exists as to the sole fact that was at issue on remand.

**B.      The trial court did not abuse its discretion by refusing to admit new evidence on remand.**

When this Court remands a case back to the district court "it is within the discretion of the trial court to determine whether the existing record is sufficient, or should be supplemented, in order to make the required findings of fact and conclusions of law." *Akers*, 156 Idaho at 44, 320 P.3d at 435. This Court reviews the trial court's decision for an abuse of this discretion.

The test to determine whether a trial court has abused its discretion consists of three parts: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *Goodspeed v. Shippen*, 154 Idaho 866, 869, 303 P.3d 225, 228 (2013) (quoting *Schmechel v. Dillé*, 148 Idaho 176, 179, 219 P.3d 1192, 1195 (2009)). "[W]hen appealing from an evidentiary ruling reviewed for abuse of discretion, the appellant must demonstrate both the trial court's abuse of discretion and that the error affected a substantial right." *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012).

Morgan has failed to demonstrate that an abuse of discretion occurred under any part of the test applied by this Court.

Beginning with the first part of the test, Morgan does not argue that the district court perceived its evidentiary ruling as anything other than an exercise of discretion. Because it is Morgan's burden to demonstrate, which he does not attempt to do, this Court cannot hold that the district court abused its discretion under the first part of the test.

Regarding the second part of the test, Morgan has failed to demonstrate that the district court violated any law or legal standard in its decision not to admit new evidence. Morgan cites

no law or legal standard in either of his briefs with respect to abuse of discretion. Rather, Morgan simply states why he believes that the evidence was relevant to the district court's judgment, and then concludes that an abuse of discretion occurred. This is not enough to show abuse of discretion under the second part of the test, which requires that the appealing party identify a violation of specific law or legal standard.

Regarding the third part of the test, Morgan has failed to demonstrate that the district court's action was outside of the bounds of reason. In his briefs, Morgan identifies four categories of evidence that he had sought to present at trial. They are as follows: (1) photographs illustrating the actual uses of New Sweden's machinery; (2) bylaws adopted by New Sweden in 2012; (3) brochures published by New Sweden; and (4) new witnesses consisting of members of the New Sweden board of directors. Morgan argues that each of these pieces of evidence "could, or should, have aided the District Court in precisely defining the reasonable and necessary use of the easement across the Morgan Property."

First, Morgan has failed to demonstrate that refusing to admit the photographs was not an exercise of reason. In his briefs, Morgan describes the photographs as "illustrating the actual use of the equipment identified by parties." Morgan does not explain why these photographs would have been dispositive such that excluding them was an act outside of the bounds of reason. A review of the photographs does not support Morgan's conclusion that excluding them was an abuse of discretion.

At trial, Morgan argued that:

> If the court would have permitted photographs of other sections of property, other than the Morgan's [sic], what the court would have seen was there are sections along the canal where there is a slope and the mower is not used. There are sections along the canal where access with the excavator is only possible on one side. . . . what the court could have done is construed what easement was required for the mower. Where it starts and where it ends. And whether it's necessary it to be the entire length [sic]. But we never went in that direction. The Court could have done the same with the excavator.

Morgan ignores the fact that the issue before the district court on remand was not to define the scope of the easement; rather, the district court on remand was limited by this Court's opinion in *Morgan* to the narrow task of defining where on the Morgan Property the width of the sixteen foot easement is measured relative to the Sinkhole Irrigation Canal. Chopping the easement into parts for the mower and parts for the excavator was not before the district court on remand. Accordingly, Morgan's statements at trial indicate that he sought admission of the photographs

8

in support of arguments outside of the scope of the district court's duties on remand. The district court was not outside of the bounds of reason in refuse to admit them.

Second, Morgan has failed to demonstrate that refusing to admit the New Sweden bylaws adopted in 2012 was not an exercise of reason. Morgan argues that the bylaws dictate the placement of the easement such that the issue is "moot." This argument is unavailing. New Sweden's bylaws do not have the power of law, and do not control the district court's ruling as to where the easement is located. Furthermore, the language in the bylaws that the "minimum" easement is "16 feet of flat surface along each side of the canal, or to the outside toe of a levied bank" does not conflict with the language in the court's November 6, 2014 judgment that "[s]aid 16 foot right-of-way commences from the outside toe of the berm levy or bank, where the land begins to level out where portions of Morgan's property abutting the canal is bermed or levied"

Third, Morgan has failed to demonstrate that refusing to admit the 2012 New Sweden brochure was not an exercise of reason. Morgan argues that the New Sweden brochure is relevant because it contains a picture of a canal with a white line that "shows the width of a typical canal easement." Morgan asserts that the white line in the brochure starts from the bank of the canal. It is difficult to determine from the brochure provided to this Court whether this is an accurate characterization of the picture therein. However, even if the brochure does show a white line starting from the edge of the water, it would have been of limited use to the district court. In *Morgan*, this Court clearly restricted the dispute at issue to the easement on Morgan's property. Evidence of where a different easement next to a different canal is measured is not probative of where the easement on the Morgan Property should begin.

Finally, Morgan has failed to demonstrate that the district court's refusal to admit additional witness testimony was not an exercise of reason. Of the three additional witnesses subpoenaed by Morgan, one was in Alaska and was not properly served. The other two directors were recently appointed to the New Sweden board and were not directors at the time the case began. In his schedule of witnesses, Morgan indicated that these directors would be called to "evidence policy and procedures relative to New Sweden's easements and right-of-ways as a basis for determining the starting and ending point of the width of the easement." However, at trial Morgan failed to explain what new information he expected the directors' testimony to reveal and how that information would be useful to the court. Morgan has now filed both a brief

9

and a reply brief with this Court and it is still unclear what testimony Morgan expected to elicit from the directors, and how it would be useful in determining the narrow question on remand.

In sum, Morgan has not demonstrated abuse of discretion under any part of the test used by this Court. The district court's refusal to admit new evidence was therefore not an abuse of discretion.

**C.** **The district court did not err by failing to incorporate its past judgment into its judgment on remand.**

In his opening brief, Morgan identifies whether "the district court erred by failing or refusing to incorporate the prior *Judgment* entered on August 16, 2012, into the *Amended Judgment* entered on November 6, 2014, so that there is a final judgment precisely defining the easement awarded to New Sweden" as an issue on appeal.

Morgan bases this argument on the language in *Kosanke v. Kopp*, which states that:

> [A] judgment which purports to define an easement's existence on another's land must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements there.

74 Idaho 302, 307, 261 P.2d 815, 818 (1953)

Morgan lists the following five determinations, which he argues should have been included in the November 6, 2014 judgment:

> (1) the length of the easement **and** where it starts and ends; (2) the width of the easement **and** where it starts; (3) the access and entry points to the easement; (4) expressly identifying [sic] encroachments, including vegetation, which unreasonably or materially interfere with New Sweden's use of the easement; and, (5) assigning responsibility for removal of each specific encroachment.

While the sentence structure of Morgan's issue on appeal would indicate that each of the determinations he lists were properly made in the August 16, 2012 judgment, and that the language therein need merely be incorporated in the November 6, 2014 judgment, the argument sections of Morgan's briefs paint a vastly different picture. There, Morgan claims that with respect to most of the determinations he identifies as required, the district court never actually made a precise judgment—either in the November 6, 2014 judgment, or in the August 16, 2012 judgment. He concludes that the district court should have considered these issues anew on remand.

We hold that not only was the scope of the district court's November 6, 2014 judgment proper, but that Morgan's actions in front of the district court constitute an improper challenge to this Court's holding in *Morgan*.

It is true that a judgment establishing the existence of an easement must describe the easement specifically and with such certainty that the affected parties' rights and liabilities are clearly fixed and readily understood. *See Bedke v. Pickett Ranch & Sheep Co.*, 142 Idaho 36, 40, 137 P.3d 423, 427 (2006); *Kosanke*, 74 Idaho at 307, 261 P.2d at 818. However, this does not mean that every judgment addressing a single aspect of an easement must delineate every aspect of that easement. In *Morgan* this Court affirmed the district court's August 16, 2012 judgment, and, after considering both *Bedke* and *Kosanke*, held that only one narrow issue, the point of measurement of the width of the easement, needed to be clarified on remand. This Court's opinion did not instruct the district court to reissue the holdings of its earlier judgment. The narrowness of this instruction was not unintentional.

If this Court had intended for the district court to address other issues on remand we would have so instructed. We did not instruct that the district court incorporate the August 16, 2012 judgment because to do so would have been superfluous. We affirmed that August 16, 2012 judgment and it does not need to be repeated. Accordingly, the two judgments stand, and should be read in conjunction to provide a complete description of the easement.

**D.    The district court did not err by failing to limit the removal of encroachments and the uses of the mower and the excavator.**

In his briefs, Morgan argues that the district court erred on remand by failing to preserve for the owner any rights to make use of the land in ways that do not interfere with New Sweden's reasonable enjoyment of the easement.

For the same reasons explained above, whether or not the removal of encroachments should be limited to those that immediately, unreasonably, and materially interfere with the use of the mower or excavator was not at issue before the district court on remand.  Likewise, whether to limit the uses of the mower and excavator to specific times or locations within the easement also was not at issue on remand. Neither of these issues has anything to do with the narrow issue on remand, which was "where the easement's sixteen-foot width measurement begins." *Morgan v. New Sweden Irrigation Dist.*, 156 Idaho 247, 259, 322 P.3d, 980, 992 (2014). Accordingly, the district court did not err in failing to address these issues.

11

**E.      Attorney's fees on appeal.**

New Sweden seeks an award of attorney's fees on appeal pursuant to Idaho Code section 12-117, which provides for municipal entities to recover attorney's fees where "the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117. It argues that the appeal was brought "frivolously, in bad faith, and without foundation." It further argues that "given this Court's direction, Morgan is essentially seeking to have this Court second-guess previous adjudicated issues."

Attorney's fees on appeal are proper where a party presents "arguments that are largely incomprehensible, unreasonable, and lacking foundation in law" and "where there has been no showing that the district court misapplied the law." *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999).

We hereby grant New Sweden's request for attorney's fees on appeal. This Court's opinion in *Morgan* explicitly and clearly limited the remand to a single issue. Despite this Court's unambiguous instruction, Morgan attempted to argue numerous issues outside of the scope of the remand, the vast majority of which were already decided by this Court. When the district court correctly identified the scope of remand and limited its judgment to this Court's instruction, Morgan appealed and now attempts to argue these issues in front of this Court a second time. These arguments are patently unreasonable and Morgan has failed to show that the district court misapplied the law. Accordingly, we grant attorney's fees on appeal to New Sweden.

## VI. CONCLUSION

We hereby affirm the district court's November 6, 2012 judgment. Costs and attorney fees on appeal to respondent.

Chief Justice J. JONES, Justices EISMANN, BURDICK and HORTON, CONCUR.