## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 43548

| | | |
|---|---|---|
| GREEN RIVER RANCHES, LLC, an Idaho Limited liability company, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) | |
| v. | ) ) | Twin Falls, May 2017 Term |
| SILVA LAND COMPANY, LLC, et al., | ) ) | 2017 Opinion No. 52 |
| Defendants-Counterclaimants. | ) | Filed: May 26, 2017 |
| ------------------------------------------------------- | ) | Stephen Kenyon, Clerk |
| JACK MCCALL, | ) ) | |
| Plaintiff-Respondent, | ) | |
| v. | ) ) | |
| MAX SILVA, an individual; | ) ) | |
| Defendant-Appellant, | ) | |
| and | ) ) | |
| SILVA DAIRY, LLC, an Idaho limited liability company, | ) ) ) | |
| Defendant. | ) | |
| ------------------------------------------------------- | ) | |
| JACK MCCALL, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| SILVA LAND COMPANY, LLC, et al., | ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------- | ) | |
| JACK MCCALL, an individual and doing business as JT LIVESTOCK, | ) ) | |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | |
| MAX SILVA, | ) ) | |

**Defendant-Appellant.**                         )

_____  )

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

The judgment of the district court is <u>affirmed</u>.

Petersen Moss Hall & Olsen, Idaho Falls, for appellant.  Nathan Olsen argued.

Givens Pursley LLP, Boise, for respondent.  Bradley J. Dixon argued.

_____

HORTON, Justice.

Max Silva appeals from the judgment of the district court in Twin Falls County finding him personally liable for the purchase of 116 dairy cows. This appeal is part of a consolidated action brought by Jack McCall and Green River Ranches, LLC (Green River) against Silva, Silva Dairy, LLC (Silva Dairy), and Silva Land Company, LLC. After a bench trial, the district court found Silva personally liable for the purchase of the cows and dismissed the other claims against him. Silva contends that the district court erred when it found him personally liable for the purchase. Silva also argues that the district court abused its discretion when it failed to award him attorney fees proportionate to the claims on which he prevailed at trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The consolidated action began as four separate lawsuits arising from transactions involving a dairy operation. This appeal focuses on the claims asserted by McCall against Silva personally.

Silva Dairy and Green River began working together in approximately 2009. Silva is a part owner of Silva Dairy and McCall is a part owner of Green River. On August 18, 2010, Silva Dairy filed for Chapter 12 bankruptcy. After Silva Dairy filed for bankruptcy, McCall negotiated two transactions with Silva for the sale of dairy cows. The first transaction was for 101 cows and the second was for fifteen cows. There was no written agreement for either sale. The primary issue in this appeal is whether McCall sold the cows to Silva in his individual capacity or in his capacity as an agent of Silva Dairy.

McCall asserted claims against Silva for (1) mismanagement of McCall's dairy herd; (2) conversion of McCall's cattle feed; (3) pasture rent; (4) an unpaid loan for $10,000; (5) damages

for the sale of 15 cows; and (6) damages for the sale of 101 cows. After a bench trial, the district court held that Silva was not personally liable for the first three claims because Silva Dairy was liable on those claims. As to the fourth claim, the district court found that McCall lent $10,000 to Silva personally but that the loan was offset against McCall's lease obligation to Silva Dairy. As to the final two claims, the district court found that McCall sold the cows to Silva personally and not to Silva Dairy. The cost of the cows was not disputed and the district court entered judgment in favor of McCall in the amount of $104,770.55 plus prejudgment interest.

The district court then found that that there was no prevailing party in the action because each side had prevailed on some claims and failed to prevail on others. Therefore, the district court did not award attorney fees or costs. Judgment was entered on July 16, 2015. Silva timely appealed.

## II. STANDARD OF REVIEW

"This Court limits its review of a trial court's decision to determining 'whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law.' " *City of Meridian v. Petra Inc.*, 154 Idaho 425, 434–35, 299 P.3d 232, 241–42 (2013) (quoting *Shore v. Peterson*, 146 Idaho 903, 907, 204 P.3d 1114, 1118 (2009)). "Unless the trial court's findings of fact are clearly erroneous, they will not be set aside." *Id.* at 435, 299 P.3d at 242. "A district court's findings of fact in a court-tried case are construed liberally on appeal in favor of the judgment entered." *Elec. Wholesale Supply Co., Inc. v. Nielson*, 136 Idaho 814, 820, 41 P.3d 242, 248 (2001). "It is the province of the trier of fact to weigh conflicting evidence and testimony and to judge the credibility of the witnesses." *Id.* "However, when the issue is one of law, this Court exercises free review of the trial court's decision." *Reed v. Reed*, 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002).

"An award of attorney fees and costs is within the discretion of the trial court and subject to an abuse of discretion standard of review." *Smith v. Mitton*, 140 Idaho 893, 901, 104 P.3d 367, 375 (2004). "In reviewing an exercise of discretion, this Court must consider '(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.' " *Id.* at 902, 104 P.3d at 376 (quoting *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## III. ANALYSIS

This appeal is focused on the claims between McCall and Silva. Silva contends that the district court erred when it held him personally liable for the purchase of 116 cows. Silva also argues that the district court erred when it found that neither party prevailed below. These issues will be discussed in turn.

**A. The district court's finding that McCall sold the cows to Silva personally is not clearly erroneous.**

The district court held that McCall sold the cows to Silva personally and not as an agent of Silva Dairy. This determination was based on testimony from McCall and the fact that the bankruptcy court did not approve the purchase of the cows. Silva argues that the district court misapplied the law of agency. Silva also asserts that Silva Dairy did not need permission from the bankruptcy court to purchase the cows as the purchase was done in the ordinary course of business.

Silva contends that he was acting as an agent for Silva Dairy when he purchased the cows and should not be liable unless it was under the theory of the "undisclosed agent" as discussed in *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 332 P.3d 815 (2014). While agents generally are not liable for the debts of the principal, the district court made the factual determination that Silva was not acting as an agent when he purchased the cows from McCall. The district court based its findings on McCall's testimony that he knew Silva Dairy was in bankruptcy and wouldn't transact business with them.

"Review of a district court's findings of fact is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law." *Electrical Wholesale Supply*, 136 Idaho at 820, 136 P.3d at 248. "A district court's findings of fact in a court-tried case are construed liberally on appeal in favor of the judgment entered." *Id.* "It is the province of the trier of fact to weigh conflicting evidence and testimony and to judge the credibility of the witnesses." *Id.*

McCall testified that he told Silva that he was purchasing cows for Silva personally. "I said, at the 64 cents a pound, I'll buy the cows for you, Max, but I'm buying them for you, Max Silva." McCall further testified that he told Silva that he would not buy the cows for Silva Dairy unless it was able to give him a check at the time of purchase. McCall stated that he was not going to "carry papers on these cows" for a bankrupt entity but that he would for Silva. The

district court explicitly evaluated the credibility of McCall's testimony, concluding that "McCall's testimony that he knew of [Silva Dairy's bankruptcy filing] and that based upon his experience with bankruptcy proceedings there was 'no way' he would ever enter into transactions with a bankrupt entity is very convincing." Because this factual determination is supported by evidence in the record, the district court did not err when it found Silva was personally liable for the purchase of the cows.

In addition to McCall's testimony, the district court relied on the fact that Silva Dairy never asked permission from the bankruptcy court to purchase the cows as support for its finding that Silva personally bought the cows. Silva contends that Silva Dairy did not need permission to purchase the cows as the purchase was done in the ordinary course of business. While Silva correctly states the law, there is evidence in the record to support the district court's finding that the purchase of the cows was not in the ordinary course of business.

A debtor in chapter 12 bankruptcy proceedings may operate the farm in the ordinary course of business without notice to the court. 11 U.S.C. § 1203; 11 U.S.C. § 363(c)(1). Silva Dairy's bankruptcy attorney testified that while purchasing replacement cows may be within the ordinary course of business, purchasing a new herd was not. The bankruptcy trustee testified that purchasing cows outside the ordinary course of business would need to be approved by the bankruptcy court and trustee.

Silva's argument is that Silva Dairy could purchase cows in the ordinary course of business. While Silva is correct, Silva does not point to any evidence in the record that would suggest the purchase of 116 cows was done in the ordinary course of business. Because there is evidence to support the district court's finding that Silva Dairy did not receive permission from the bankruptcy court to purchase these cows, the district court did not err in relying on this fact when it found that McCall sold the cows to Silva personally.

In short, although there was substantial conflicting evidence presented to the district court, substantial competent evidence supports the district court's factual determination that McCall sold the cows to Silva personally.

**B. The district court did not abuse its discretion when it found that there was no prevailing party.**

Silva next argues that the district court erred when it did not award attorney fees to him in proportion to the claims on which he prevailed. The district court found that because all of the

claims had been consolidated into one action there was no prevailing party. Silva argues that because the district court expressly held that he was the prevailing party on some claims that he should be awarded attorney fees for those claims. We find that the district court did not abuse its discretion.

Idaho Code section 12-120(3) permits the prevailing party in a case involving a commercial transaction to recover attorney fees and costs. I.C. § 12-120(3). Neither party disputes that this is a commercial transaction and the prevailing party is entitled to an award of attorney fees. The issue is whether Silva was a prevailing party below.

Idaho Rule of Civil Procedure 54(d)(1)(B)[1] describes how courts determine whether a party has prevailed:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B). "When both parties are partially successful, it is within the court's discretion to decline an award of attorney fees to either side." *Smith v. Mitton*, 140 Idaho 893, 903, 104 P.3d 367, 377 (2004). "The determination of who is a prevailing party is committed to the sound discretion of the trial court, and we will not disturb that determination absent an abuse of discretion." *Bream v. Benscoter*, 139 Idaho 364, 368, 79 P.3d 723, 727 (2003). "Only in rare cases has this Court or the Court of Appeals reversed a trial court's determination of which party prevailed." *Crump v. Bromley*, 148 Idaho 172, 173, 219 P.3d 1188, 1189 (2009) (quoting *Shore v. Peterson*, 146 Idaho 903, 915, 204 P.3d 1114, 1126 (2009)).

---

[1] We decide this case based upon the rule in effect at the time of the district court's decision. Effective July 1, 2016, the Rule was amended to provide as follows:

> Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B) (2016).

When determining who is a prevailing party, the district court looks at all the claims involved in the action and does not make a claim-by-claim determination of who is the prevailing party. *Id.* at 174, 219 P.3d at 1190. In *Israel v. Leachman*, 139 Idaho 24, 72 P.3d 864 (2003), the district court held that there was no prevailing party in an action after the plaintiffs prevailed on some of their claims but lost on others. Affirming the decision of the district court to not award attorney fees, this Court held that the district court has the discretion to examine all the claims asserted in an action and determine whether either party prevailed. *Id.* at 27, 72 P.3d at 867.

The district court recognized that the determination of who prevailed was a discretionary matter. The district court further recognized that Silva had successfully defended some claims brought against him by McCall but was unsuccessful on other claims. The district court reasoned that "the claims and defenses in these matters were so intermixed that it would be virtually impossible to attempt to reasonably apportion fees…." We conclude that Silva has not demonstrated that the district court abused its discretion when it held that neither party prevailed in the action

**C. McCall is entitled to attorney fees on appeal.**

Both parties request attorney fees pursuant to Idaho Code section 12-120(3). Both parties agree that this appeal arose from a commercial transaction. Because we affirm the judgment of the district court, McCall is the prevailing party and is entitled to attorney fees and costs on appeal.

## IV. CONCLUSION

We affirm the decision of the district court and award attorney fees and costs on appeal to McCall.

Justices EISMANN, JONES and Justices Pro Tem KIDWELL and CRABTREE, **CONCUR**.