IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44303

| | | |
|---|---|---|
| JADE MORTENSEN and KYLIE MORTENSEN, | ) ) ) | |
| Plaintiffs-Counterdefendants-Respondents, | ) ) ) | Pocatello, September 2017 Term |
| v. | ) ) | 2017 Opinion No. 128 |
| GALUST BERIAN and YVETTE N. STURGIS, | ) ) ) | Filed: December 21, 2017 |
| | ) | Karel A. Lehrman, Clerk |
| Defendants-Counterclaimants-Appellants. | ) ) ) | |
| _____ | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Madison County. Hon. Alan C. Stephens, District Judge.

The judgment of the district court is affirmed.

Dunn Law Office, PLLC, Rigby, for appellants. Robin D. Dunn argued.

Rigby, Andrus & Rigby Law, PLLC, Rexburg, for respondents. Hyrum D. Erickson argued.

_____

HORTON, Justice.

Galust Berian filled in a ditch on property owned by Yvette Sturgis. The ditch served property owned by Jade and Kylie Mortensen. The Mortensens sued Berian and Sturgis seeking damages and to have the ditch reopened. Berian counterclaimed for trespass. Following a court trial, the district court ruled in favor of the Mortensons on their claim regarding the ditch and awarded the Mortensens damages for the cost of repairing the ditch. The district court also found in favor of Berian on his counterclaim for trespass but awarded only nominal damages. Berian and Sturgis appealed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Mortensens, Sturgis and Berian own adjacent parcels that were once part of a single parcel. A previous owner divided the larger parcel and sold two of the three lots to Berian in 1989. In 2004, the Mortensens purchased the remaining lot. In 2011, Berian encountered

financial difficulties and one of his lots was repossessed and subsequently purchased by Sturgis. Sturgis' lot is situated between the Mortensens' parcel and that owned by Berian.

Berian is an artist. Sturgis and Berian entered into an agreement whereby Berian is providing Sturgis with artwork as payment for Sturgis' parcel. The agreement also gives Berian the right to Sturgis' parcel until payment is complete.

This dispute relates to a ditch crossing Sturgis' parcel to the Mortensen property. In September of 2014, Berian decided to fill in the ditch. After receiving permission from Sturgis to do so, he hired an unidentified individual to fill in the ditch over the length of the Sturgis property. The following spring, Mr. Mortensen entered the Sturgis property to perform maintenance on the ditch only to find that it had been destroyed. Although Berian had posted "No Trespassing" signs around the perimeter of his property, Mr. Mortenson entered Berian's property to confront him about the destruction of the ditch.

The Mortensens own four shares of capital stock in the Reid Canal Company which entitles them to receive water from the Reid Canal. After weighing conflicting evidence, the district court found that the Mortensens had received water from the Reid Canal Company by way of the ditch across Sturgis' property and rejected Sturgis and Berian's claim that the ditch had been abandoned.

The district court's initial findings of fact and conclusions of law briefly addressed Berian's counterclaim, stating that it had been "dropped during trial" and therefore would not be addressed. The Mortensens moved for reconsideration, asking the district court to dismiss Berian's counterclaim with prejudice. After a hearing on the motion, the district court issued amended findings of fact and conclusions of law and a corresponding judgment. The judgment ordered that the ditch be reopened, awarded Mortensen $1,020 for the cost of repairing the ditch, and awarded Berian $50 in nominal damages for Mortensen's trespass. Berian and Sturgis timely appealed.

## II. STANDARD OF REVIEW

"Following a bench trial, this Court's review is 'limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law.' " *Morgan v. New Sweden Irrigation Dist.*, 160 Idaho 47, 51, 368 P.3d 990, 994 (2016) (quoting *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009)). "This Court will

not set aside a trial court's findings of fact unless the findings are clearly erroneous." *Borah*, 147 Idaho at 77, 205 P.3d at 1213 (2009).

"Clear error will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence." *Pandrea v. Barrett*, 160 Idaho 165, 171, 369 P.3d 943, 949 (2016) (quoting *State Dep't of Health & Welfare v. Roe*, 139 Idaho 18, 21, 72 P.3d 858, 861 (2003)). If there is evidence in the record that a reasonable trier of fact could accept and rely upon in making the factual finding challenged on appeal, there is substantial and competent evidence. *Greenfield v. Wurmlinger*, 158 Idaho 591, 598, 349 P.3d 1182, 1189 (2015).

"[T]his Court exercises free review over matters of law and is not 'bound by the legal conclusions of the trial court, but may draw its own conclusions from the facts presented.' " *Morgan*, 160 Idaho at 51, 368 P.3d at 994 (quoting *Borah*, 147 Idaho at 77, 205 P.3d at 1213). However, "we will not substitute our view of the facts for the view of the district court." *Marshall v. Blair*, 130 Idaho 675, 679, 946 P.2d 975, 979 (1997). "In view of this role, the trial court's findings of fact will be liberally construed in favor of the judgment entered." *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118–19, 794 P.2d 1389, 1391–92 (1990).

## III. ANALYSIS

### A. The district court's findings regarding Berian and Sturgis' claim that the ditch had been abandoned are not clearly erroneous.

Berian and Sturgis ask this Court to review the factual findings of the district court regarding the abandonment or forfeiture of the ditch and contend that the district court erred "in its factual analysis and misapplied the law." Berian and Sturgis claim that the ditch was abandoned or forfeited under Idaho Code section 42-222(2). Berian and Sturgis claim that there was evidence that did not support the court's findings, including testimony from various witnesses that corroborates their theory that the ditch had been abandoned.

Neither abandonment nor forfeiture are favored by this Court "and clear and convincing proof is necessary to support a claim" of either. *Crow v. Carlson*, 107 Idaho 461, 467, 690 P.2d 916, 922 (1984). "[T]he common law doctrine of abandonment is still viable in Idaho and is distinguished from statutory forfeiture[,]" requiring each claim to be analyzed separately. *Id.*

We first consider Berian and Sturgis' theory of forfeiture based upon Idaho Code section 42-222(2). This theory simply does not apply to the issue before the district court because such a

claim applies only to water rights,[1] not to ditch rights. As we explained in *Mullinix v. Killgore's Salmon River Fruit Co.*, 158 Idaho 269, 346 P.3d 286 (2015), "a ditch right for the conveyance of water is recognized as a property right **apart from and independent of the right to the use of the water** conveyed therein. Each may be owned, held and conveyed independently of the other." *Id.* at 277, 346 P.3d at 294 (emphasis added) (quoting *Simonson v. Moon*, 72 Idaho 39, 47, 237 P.2d 93, 98 (1951)). Thus, we consider only Berian and Sturgis' claim that the ditch was abandoned.

Whether abandonment has occurred is a question of fact. *See Bedke v. Pickett Ranch & Sheep Co.*, 143 Idaho 36, 40, 137 P.3d 423, 427 (2006).

> The word "abandon" is held in this connection to mean "to desert or forsake." It is the relinquishment of a right by the owner thereof without any regard to future possession by himself or any other person, but with the intention to forsake or desert the right. As to whether or not a water right, the water itself, the ditch, canal, or other works, have actually been abandoned or not, depends upon the facts and circumstances surrounding each particular case. . . .

*Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 555, 208 P. 241, 243 (1922). Abandonment of a ditch right must be evidenced by a clear, unequivocal and decisive act. *Weaver v. Stafford*, 134 Idaho 691, 698, 8 P.3d 1234, 1241 (2000), *overruled on other grounds by Weitz v. Green*, 148 Idaho 851, 230 P.3d 743 (2010). "Mere nonuse of [a ditch] does not effect an abandonment." *Id*. Abandonment "is not dependent necessarily upon length of time but upon the essential element of intent.**"** *Gilbert v. Smith*, 97 Idaho 735, 738, 552 P.2d 1220, 1223 (1976) (discussing water right).

Berian and Sturgis claim that the district court's finding that the ditch was not abandoned is not supported by the evidence and testimony presented at trial. They contend that the trial court disregarded testimony from various witnesses, including Berian, that contradict the district court's finding.

---

[1] Idaho Code section 42-222(2) provides:

> All **rights to the use of water** acquired under this chapter or otherwise shall be lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated and when any **right to the use of water** shall be lost through nonuse or forfeiture **such rights to such water** shall revert to the state and be again subject to appropriation under this chapter; except that any **right to the use of water** shall not be lost through forfeiture by the failure to apply the water to beneficial use under certain circumstances as specified in section 42-223, Idaho Code.

(emphasis added).

At trial, Berian contended that the only ditch on the property prior to 2013 was one that he had dug by hand and that Mortensen did not construct the ditch in question until 2013. Confronted with conflicting evidence, the district court found there was evidence that a ditch existed and had serviced the Mortensen parcel before and after Berian purchased his property. The following are the more pertinent of the district court's specific factual findings:

> The ditch conveying water to the Mortensen property has been in existence for many decades and it has not always been well maintained. Nevertheless it was able to convey water.
> …
> No evidence was presented that the ditch was abandoned by Mortensen or their predecessors in interest. Rather, the evidence showed that the prior owners [] conducted maintenance on the ditch.
> Aerial photographs show the ditch in the same location in 1992, 2004, 2011, 2012, 2013, and 2014. No aerial photographs were presented in which the ditch does not appear.
> …
> The Mortensens purchased their property in 2004, and used the ditch each irrigation season from 2005 to the time it was filled in by Berian.

Having reviewed the record, we find that substantial and competent evidence support each of these findings, recognizing that the district court's statement that "[n]o evidence was presented that the ditch was abandoned by Mortensen or their predecessors in interest" could have been more accurately stated as follows: "No evidence was presented that Mortensen or their predecessors in interest *intended* to abandon the ditch."

Significant to our resolution of this claim on appeal (as well as the decision regarding attorney fees on appeal), the district court made explicit findings regarding Berian's credibility:

> Berian's testimony regarding the non-existence of the ditch is not credible in light of the aerial photographs, the testimony of several persons with knowledge of the existence of the ditch, photographs of the headgate and cement ditch headgates on the Sturgis property, Mortensen's repeated use of Reid Canal water prior to 2013, and the inconsistencies of his own testimony.

"[W]e defer to the trial court's special opportunity to determine the credibility of the witnesses who have testified, and to weigh the evidence presented." *Carter v. Carter*, 143 Idaho 373, 378, 146 P.3d 639, 644 (2006) (quoting *State Dep't of Health & Welfare v. Roe*, 139 Idaho 18, 21–22, 72 P.3d 858, 861–62 (2003)). Thus, we find no merit in Berian and Sturgis' assertion that the district court erred by refusing to accept their claim that the Mortensens' ditch rights were abandoned.

5

**B. The district court did not err in awarding only nominal damages for the trespass counterclaim.**

Berian was awarded fifty dollars by the district court as nominal damages for Mr. Mortensen's trespass, consistent with Idaho Code section 6-202. A prevailing party asserting a claim of trespass is entitled to "treble the amount of damages which may be assessed therefor or fifty dollars ($50.00), plus a reasonable attorney's fee. . . ." I.C. § 6-202. Berian claims that the district court erred by failing to award adequate damages and by declining his request for an award of attorney fees.

The following is the entirety of Berian's opening brief's analysis of the adequacy of trespass damages awarded by the district court and its refusal to award attorney fees:

> The court awarded nominal damages of $50 which seems rather cavalier. Very few people, let alone judges, would award $50 if it were their daughter and self that were being threatened and subjected to vulgar and profane language on their own property by a drunken individual. Mortensen had been drinking alcohol to make matters worse and presented great fear in Galust and Julia Berian.
> As an artist who is intent on privacy and concentration, such a distraction is devastating. Berian discussed his migraines, inability to work, fear and emotional imbalance as a result of the action.
> In essence the district court found that the appellant prevailed on the counter-claim but failed to award adequate damages or award fees which are available. I.C. § 6-202.
> …
> The appellant should have been granted fees on his counterclaim pursuant to the trespass statute of I.C. § 6-202.

The difficulty for this Court posed by Berian's argument is that he does not identify the standard of review that we are to apply to his claim of error. At best, he has identified certain facts[2] which he evidently believes warrant an award of damages in excess of the statutorily-prescribed nominal damages.

The standard of review that we apply when reviewing a trial court's findings of fact as to the amount of damages proven by a claimant is that of substantial and competent evidence. Such a factual determination will be upheld on appeal if the findings are supported by substantial and competent, although conflicting, evidence. *Enright v. Jonassen*, 129 Idaho 694, 697–700, 931 P.2d 1212, 1215–18 (1997).

---

[2] We note that Berian does not attempt to identify the locations in the record where the facts upon which he relies are to be found.

Berian's argument appears to ask this Court to give greater weight to certain facts than did the district court. Unfortunately for Berian, we are not free to do so. "When we review the record to determine whether substantial evidence exists **we are precluded from substituting our judgment for that of the fact finder as to** the credibility of witnesses, **the weight of testimony** and the reasonable inferences to be drawn from the evidence." *Schneider v. Schneider*, 151 Idaho 415, 424, 258 P.3d 350, 359 (2011) (emphasis added) (quoting *State v. Bettwieser,* 143 Idaho 582, 588, 149 P.3d 857, 863 (Ct. App. 2006)). For this reason, we will not disturb the district court's factual finding as to the amount of damages Berian proved.

Berian's claim that the district court erred by failing to award attorney fees under Idaho Code section 6-202 is fatally flawed due to his failure to "identify the applicable standard of review, much less attempt to apply it." *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). The statute commands an award of "a reasonable attorney's fee which shall be taxed as costs, in any civil action brought to enforce the terms of this act **if the plaintiff[3] prevails**." I.C. § 6-202 (emphasis added).

The trespass claimant must prevail. The district court explicitly held that the Mortensens were the prevailing parties. Berian's opening brief made no effort to explain why this conclusion was erroneous. "The determination of who is a prevailing party is committed to the sound discretion of the trial court, and we will not disturb that determination absent an abuse of discretion." *Green River Ranches, LLC v. Silva Land Co., LLC*, 162 Idaho 184, 188, 395 P.3d 804, 808 (2017) (quoting *Bream v. Benscoter*, 139 Idaho 364, 368, 79 P.3d 723, 727 (2003)).

Because Berian has not attempted to explain why the district court's determination that the Mortensens were the prevailing parties, our analysis in *Cummings* is equally applicable to the present case. Berian's claim of error fails because he:

> makes no attempt to address the matters we consider when evaluating a claimed abuse of discretion. He does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason.

*Cummings*, 160 Idaho at 853, 380 P.3d at 174.

## C. We award the Mortensens attorney fees on appeal.

---

[3] The fact that Berian was a counterclaimant, rather than a plaintiff, is of no moment. This Court considers a defendant who successfully brings a counterclaim for trespass to be a plaintiff for the purposes of awarding fees under the statute. *Greenfield v. Wurmlinger*, 158 Idaho 591, 606, 349 P.3d 1182, 1197 (2015).

Both parties in this appeal have requested attorney fees under Idaho Code section 12-121. This statute permits courts to "award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. These conditions "exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Wagner v. Wagner*, 160 Idaho 294, 302, 371 P.3d 807, 815 (2016); *Snider v. Arnold*, 153 Idaho 641, 645–46, 289 P.3d 43, 47–48 (2012); *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009).

The Mortensons are the prevailing party in this appeal and we find it appropriate to award attorney fees to the Mortensons under Idaho Code section 12-121.

## IV. CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to the Mortensens.

Chief Justice BURDICK, and Justices JONES, BRODY and Justice Pro Tem DUNN **CONCUR.**